IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| J. CHRISTOPHER THOMAS, Individually and as Trustee of U/A/W J. Christopher, Settlor, | 4:09CV3143 |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| VISTA A&S 2006-1 LLC, a Nebraska limited liability company; VISTA OIL & GAS, INC., a Colorado corporation, and the initial member of Vista A&S 2006-1 LLC; DAVID M. NICKLAS, for purposes of R.R.S. Neb., Chap. 8, Art. 11, § 8-1118(3), a person directly or indirectly in control of Vista A&S 2006-1 LLC; and CLARK R. NICKLAS, for purposes of R.R.S. Neb., Chap. 8, Art. 11, § 8-1118(3), a person directly or indirectly in control of Vista A&S 2006-1 LLC, | |
| Defendants. | |

Plaintiff, an investor in oil and gas businesses, brings this action for declaratory and monetary relief related to the ownership and management of defendant Vista A&S 2006-1 LLC, which is a company that invests in oil and gas mineral interests and seismic services related to those interests. Plaintiff alleges that he was induced to invest $300,000 in Vista A&S 2006-1 LLC based upon the false representation by defendants David and Clark Nicklas that the initial member of the LLC—defendant Vista Oil & Gas, Inc.—had made a cash contribution equal to 25 percent of Vista A&S 2006-1 LLC's $4,000,000 initial capitalization, or $1,000,000. Plaintiff alleges

that Vista Oil & Gas, Inc., did not actually make a cash contribution[1] and, therefore, did not acquire a 25-percent ownership interest in Vista A&S 2006-1 LLC.

Plaintiff further maintains that the defendants intentionally made this misrepresentation to cause Plaintiff and others to purchase securities in various Vista entities at artificially inflated prices. Plaintiff's amended complaint (filing 27) asserts the following claims: (1) "declaratory relief nullifying ownership units of Vista Oil & Gas, Inc., and appointment of a receiver"; (2) violation of the Securities Act of Nebraska, Neb. Rev. Stat. §§ 8-1101 to 8-1123; (3) common law fraud; (4) breach of contract; (5) breach of fiduciary duty; (6) violations of the Federal Securities Act, section 10(b) of the Exchange Act, and Rule 10b-5; and (7) violations of section 20(A) of the Exchange Act by defendants David and Clark Nicklas. (Filing 27, Amended Complaint.)

Defendants have filed a motion (filing 30) to dismiss claims (1)-(3) and (6)-(7). Specifically, Defendants request dismissal of Plaintiff's securities and common law fraud claims pursuant to the Private Securities Litigation Reform Act, Federal Rules of Civil Procedure 9(b) and 12(b)(6), and for failure to plead loss causation; Plaintiff's state-law claims for lack of supplemental subject matter jurisdiction if the federal claims are dismissed; and Plaintiff's declaratory judgment and breach of fiduciary duty claims against Clark Nicklas and Vista Oil & Gas, Inc., pursuant to Federal Rule of Civil Procedure 12(b)(6). (Filing 30.) The defendants have also filed motions to strike Plaintiff's jury demand (filing 32) and to strike various parts of an evidence index (filing 46).

Less than ten days after the completion of extensive briefing on the defendants' motion to dismiss, Plaintiff filed a motion to file a second amended complaint.

[1]Instead of making a cash contribution to Vista A&S 2006-1 LLC, Vista Oil & Gas, Inc., allegedly contributed property and seismic services.

(Filing 54.) Exhaustive briefing again ensued, ending on March 21, 2010. (Filings 55, 59, 60, 61, 63, 66.) In the course of objecting to Plaintiff's motion to file a second amended complaint, the defendants analyzed the sufficiency of Plaintiff's proposed second amended complaint, reiterating many of the arguments that were contained in their motion to dismiss Plaintiff's first amended complaint. (Filing 59.)

Because of the "extensive briefing" and "multiple pleadings before this Court," Plaintiff filed a motion on March 21, 2010, for hearing on the motions to dismiss, to amend, and to strike jury demand. (Filing 67.)

In order to streamline the resolution of the many motions pending before this court and to minimize the parties' cost in the preparation of further briefs addressing the adequacy of Plaintiff's complaint, I shall grant Plaintiff's motion to file a second amended complaint, and I shall treat the pending motion to dismiss (filing 30), motion to strike jury demand (filing 32), and motion to strike index (filing 46) as applicable to the second amended complaint. While I believe the parties' arguments regarding the grounds for dismissal of Plaintiff's claims are clear, I shall grant the parties a short time frame in which to submit additional briefing or evidence, if desired.

Defendants argue that the court should not grant the plaintiff's motion to file yet another complaint "without requiring Plaintiff to compensate Defendants for the unnecessary expense Plaintiff has caused by filing defective pleadings." (Filing 59, at 17-18.) It appears that Defendants' counsel prepared a one-page motion to dismiss and supporting six-page brief as to Plaintiff's first complaint. (Filing 23.) Counsel then filed a motion to dismiss and two briefs with regard to Plaintiff's amended complaint. (Filings 30, 31, 48.) Finally, Defendants' counsel filed two briefs and evidence regarding Plaintiff's motion to file a second amended complaint. (Filings 59, 60, 63.) This is certainly not extraordinary. Further, discovery has been stayed pending a ruling on the defendants' motion to dismiss (filing 39), so discovery costs have not been mounting while the parties have been litigating the sufficiency of

Plaintiff's complaint. Therefore, to the extent Defendants' counsel requests reimbursement for expenses caused by the plaintiff's "defective pleadings," and because the court will not require additional briefing to resolve the defendants' motion to dismiss (as applied to Plaintiff's second amended complaint), I shall deny the defendants' request.

Finally, I shall deny Plaintiff's motion for hearing (filing 67) because it is not necessary to clarify the parties' arguments, and "[i]n general the court does not allow oral argument or evidentiary hearings on motions." NECivR 7.0.1(d). I also caution Plaintiff that no further amendments to the complaint will be permitted.

IT IS ORDERED:

1. Plaintiff's motion (filing 54) to file a second amended complaint is granted, and no further amendments to the complaint shall be permitted.

2. Plaintiff's second amended complaint, attached as an exhibit to Filing 54 and docketed as Filing 54-1, shall be accepted instanter, need not be refiled, and shall be considered the operative complaint.

3. Plaintiff's motion (filing 67) for hearing is denied.

4. The pending motion to dismiss (filing 30), motion to strike jury demand (filing 32), and motion to strike index (filing 46) shall be deemed applicable to the second amended complaint (filing 54-1) and shall be held in abeyance until counsel have an opportunity to file additional briefs or evidence, as desired, pursuant to the following schedule:

(a) Defendants may, but are not required to, file additional briefs or evidence regarding the above-described motions (filings 30, 32,

46) on or before May 6, 2010;

(b) Plaintiff may, but is not required to, file briefs or evidence in response to any materials submitted by Defendants on or before May 20, 2010;

(c) Defendants may, but are not required to, file materials in reply to Plaintiff's submission, if any, on or before May 28, 2010, after which the pending motions (filings 30, 32, 46) shall be deemed submitted for decision.

5. The Clerk of Court shall adjust the court's computerized internal record-keeping system to reflect that the "reply due" date for Filings 30, 32, and 46 is May 28, 2010.

6. To the extent Defendants' counsel requests reimbursement for expenses caused by Plaintiff's "defective pleadings," such request is denied.

DATED this 22nd day of April, 2010.

BY THE COURT:
*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.