IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| J. CHRISTOPHER THOMAS,<br>Individually and as Trustee of U/A/W<br>J. Christopher, Settlor,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>VISTA A&S 2006-1 LLC, a Nebraska<br>limited liability company, et. al..,<br><br>　　　　　Defendants. | 4:09CV3143<br><br>MEMORANDUM AND ORDER |

　　　This matter is before the court on the defendants' motion to strike the plaintiff's jury demand (filing no. 32).  The defendants assert the plaintiff waived his constitutional right to a jury trial. In turn, the plaintiff argues that the waiver appears in a contract he was fraudulently induced to sign; therefore, the entire agreement is unenforceable.  Because the court finds the plaintiff knowingly and voluntarily agreed to waive his right to a jury trial, the defendants' motion is granted.

### BACKGROUND

　　　This matter involves a dispute over the formation and operation of a gas and oil investment business.  The plaintiff contributed cash to Vista A&S 2006-1, LLC (the "LLC") in exchange for ten (10) units of ownership.  As a part of the transaction, the plaintiff, and the other investors in the LLC, executed an operating agreement (the "Operating Agreement"). Section 10.11 of the Operating Agreement, titled "Venue; Jury Trial," states "[e]ach party waives any right to a jury trial." Filing No. 33-1, at CM/ECF p. 25, ¶ 10.11.

　　　The plaintiff now alleges he was fraudulently induced to invest in Vista A&S 2006-1, LLC due to misrepresentations by the defendants, and hid lawsuit requests a variety of remedies.  As part of his complaint, the plaintiff has requested a jury trial (filing no. 54-1).  The

defendants have moved to strike the plaintiff's jury demand, claiming the plaintiff validly waived his right to a jury trial pursuant to section 10.11 of the Operating Agreement, (filing no. 32).

## ANALYSIS

The right to a jury trial is guaranteed in certain civil cases under the Seventh Amendment of the United States Constitution. Fed. R. Civ. P. 38(a) provides "[t]he right of a trial by jury as declared by the Seventh Amendment . . . shall be preserved to the parties inviolate." However, this right is not without limitation, and may be waived, either expressly or impliedly. Bostic v. Goodnight, 443 F.3d 1044, 1047 (8th Cir. 2006); Nw. Airlines, Inc. v. Air Line Pilots Ass'n, Int'l, 373 F.2d 136, 142 (8th Cir. 1967). An express waiver of the right to a jury trial may occur by contract. See NW Airlines, Inc., 373 F.2d at 142; Coop. Fin. Ass'n, Inc v Garst, 871 F.Supp. 1168, 1171 (N.D. Iowa 1995).

Because the right to a jury trial is a fundamental one, a presumption against finding a waiver exists. See Aetna Ins. Co. v. Kennedy, 301 U.S. 389 (1937). Only a knowing and voluntary waiver will be deemed valid. See Coop. Fin. Ass'n, 871 F.Supp. at 1171 (citing Brookhart v. Janis, 384 U.S. 1, 4-5 (1966)). Although a split among the circuits currently exists regarding the burden of proof,[1] courts throughout the Eighth Circuit have generally held that the party attempting to enforce the waiver has the burden of proving the waiver is "knowing" and "voluntary." See ERA Franchise Sys., LLC v. Realty Linc, Inc., No. 8:08cv149, 2009 WL 464942 (D. Neb. Feb. 23, 2009); Morris v. McFarland Clinic, No. 4:03cv30439, 2004 WL 306110 (S.D. Iowa Jan. 29, 2004). The court finds the deafendants bear the burden of proving the plaintiff waived his right to a jury trial.

---

[1]Compare Leasing Service Corp. v. Crane, 804 F.2d 828, 833 (4th Cir. 1986)(placing the burden on the party seeking enforcement of the waiver) with K.M.C. Co. v. Irving Trust Co., 757 F.2d 752,758 (6th Cir. 1985)(finding the objecting party has the burden of proving its waiver was not knowing and voluntary).


Courts consider numerous factors in determining whether a waiver was knowingly and voluntarily executed including, for example, whether the provision is in a standardized document, the size of the print of the provision, the placement of the provision in the document, whether the parties had the opportunity to negotiate the terms, whether the waiving party was a sophisticated business person, whether the parties were in unequal bargaining position, and whether there was an opportunity to review the terms of the contract. Coop. Fin. Ass'n, 871 F.Supp. at 1172 (citations omitted).

Taking into account the aforementioned factors, the court finds that the plaintiff knowingly and voluntarily waived his right to a jury trial in this case. The plaintiff describes himself as an "investor in the oil and gas businesses" and admits he has previously invested in the oil and gas business with defendants Clark and David Nicklas (filing no. 54-1, at CM/ECF p. 4, ¶ 8). The plaintiff has also acknowledged that has "substantial experience" as a business man in the banking industry (filing no. 74-1, ¶ 3). Thus, the plaintiff clearly qualifies as a sophisticated investor who can be expected to read and comprehend an LLC operating agreement.

This was not a situation where the plaintiff was financially distressed or was otherwise compelled to enter this investment arrangement. Rather, this transaction has all the appearances of an arm's length business deal in which an experienced investor evaluated the terms as presented to him and elected to invest. Although neither party discussed any negotiations that may have occurred, it is clear that the plaintiff could have walked away from the transaction had he not been satisfied with the terms. In fact, the plaintiff intimates as much in his recently submitted affidavit (filing no. 74-1). He states he read at least a portion of the Operating Agreement and, based on the terms of the Operating Agreement, elected to purchase units of the LLC. He readily admits, had certain terms of the Operating Agreement been different, he would not have invested in the LLC (filing no. 74-1, ¶ 4). Presumably, he could have made the same decision if he did not wish to waive his right to a jury trial.

Additionally, the paragraph addressing the jury trial waiver is set apart, clearly labeled, is in identical font to the other provisions of the Operating Agreement, and appears near the end of the document just prior to the signature block. All of these factors favor a finding of a knowing and voluntary waiver. Coop. Fin. Ass'n, 871 F.Supp. at 1172.

In attempting to defeat the wavier, the plaintiff advances one argument – he was fraudulently induced to sign the entire agreement; therefore, <u>all</u> of its terms, including the jury waiver, should be declared void. This argument is not supported by federal case law and is unpersuasive. Even if, as the plaintiff asserts, he was fraudulently induced to invest in the LLC, courts have long held that a general allegation of fraudulent inducement is not enough to invalidate a jury waiver provision. See Telum Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835 (10th Cir. 1998). In other words, even assuming the plaintiff's investment in the LLC and execution of the Operating Agreement was the result of the defendants' fraudulent acts, the plaintiff can still knowingly and voluntarily agree to waive his right to a jury trial. Because the plaintiff has not alleged he was fraudulently induced to agree to the jury waiver provision specifically, his argument is without merit. See Merrill Lynch & Co. v. Allegheny Energy, Inc., 500 F.3d 171, 188 (2d Cir. 2007).

IT IS ORDERED that the defendants' motion to strike plaintiff's jury demand (filing no. 32) is granted.

DATED this 6th day of August, 2010.

                                                    BY THE COURT:

                                                    s/ *Cheryl R. Zwart*
                                                    United States Magistrate Judge